SEFA *v.* SEFA

DIVORCE—JUDGMENT—AMENDMENT—CHILD CUSTODY—EVIDENCE.

> Refusal to admit certain testimony relating to plaintiff mother's mental health and fitness to have the custody of her son, who had been placed in a court-appointed boarding school under a judgment of divorce, and the continuation of custody in defendant father was not error where the evidence showed that the best interests of the child would be better served by no change of custody.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 March 3, 1970, at Lansing. (Docket No. 4,434.) Decided May 25, 1970. Leave to appeal denied July 2, 1970. 383 Mich 801.

Motion by plaintiff Rose Sefa for amendment of a judgment of divorce to change custody of her child from the circuit court to her. Order entered giving custody to defendant Farid Sefa. Plaintiff appeals. Affirmed.

*Farhat, Burns & Luoma,* for plaintiff.

*Maurine Jones McKenna,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 783, 791–794, 808.

Before: J. H. Gillis, P. J., and Danhof and O'Hara,* JJ.

Danhof, J. This is a child custody case. Plaintiff and defendant are the parents of Grant Sefa who was born on October 16, 1958. The judgment of divorce entered May 24, 1966 read in part:

## *"Custody of Child*

"It is further ordered and adjudged, that the minor child of the parties hereto, Grant Sefa, shall remain in the custody of the Circuit Court for Genesee County and shall be placed in a boys boarding school to be designated by the court, where he is to remain until Dr. Carolyn Reutter, a psychiatrist, appointed by the court, shall notify the court that other arrangements may be made. During the time that he is attending boarding school he shall be under the care of Dr. Reutter for psychiatric counseling and evaluation."

On February 7, 1967 plaintiff moved for a change of custody. On July 13, 1967 and September 6, 1967 hearings were held on plaintiff's motion following which the court entered an order amending the judgment of divorce which read in part:

## *"Custody Of Child*

"It is further ordered and adjudged that the defendant, Farid Sefa, shall have the sole care, custody, control and education of the minor child, Grant Sefa, until the said child shall attain the age of 18 years or until the further order of the court."

Plaintiff has appealed alleging that the trial court erred in not admitting certain testimony purportedly

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

relating to her fitness and mental health. This action being equitable in nature is reviewed *de novo* on the record. *Raabe* v. *City of Walker* (1970), 383 Mich 165; *Ruecker* v. *Garvin* (1970), 383 Mich 394.

The one significant feature common to all child custody cases is our Supreme Court's insistence upon the child's best interest prevailing as the predominant, if not sole, judicial concern. *In re Ernst* (1964), 373 Mich 337, 361.

We are not unmindful of the claimed errors in regard to the admissibility of certain testimony as has been urged with much vigor by the plaintiff's counsel. We recognize that in an ordinary civil action involving a money judgment or other types of property rights the claimed errors might rise to the dignity of reversibility. We deal here with an issue which is unique in the law, and it cannot be equated with the custodial rights of either parent in the usual sense of the term "right". It transcends procedural irregularities and it is the best interest of the minor child which must prevail. We have reviewed all of the testimony in detail and particularly the testimony of Sister Honora who held a master's degree in social work and was the director of the social services department of the St. Francis Home for Boys where Grant Sefa was placed by the court at the time of the divorce. She testified with complete impartiality and supported her opinion that custody should continue with the defendant with reasons and examples. We find her testimony highly persuasive and think the best interest of the child would be served by maintaining the present custodial arrangement.

Affirmed, costs to the defendant.

All concurred.