IN THE MATTER OF DELBERT KIDDER, JR.

OPINION OF THE COURT

1. INFANTS—CUSTODY—PARENTAL RIGHTS—TERMINATION—STATUTES.
   Final termination of parental rights in a child custody case may not be made unless the child has been in the temporary custody of the court for two years and the state establishes at a hearing that the parents will not be able to reestablish a proper home for the child (MCLA 712A.19a).

2. INFANTS—CUSTODY—PARENTAL RIGHTS—TERMINATION—PROBATE COURT—JURISDICTION.
   The probate court in a child custody case where the child has been in the custody of the probate court for only two months is without jurisdiction to terminate parental rights; at such a time the options available to the court are to place the child in the temporary jurisdiction of the court, or to make some other arrangement, including return to parental control, and a hearing conducted at that time should be limited to the question of initial disposition and placement.

DISSENT BY O'HARA, J.

3. INFANTS—CUSTODY—STATUTES—CONSTITUTIONAL LAW.
   *The paramount consideration in any child custody case is what is demanded by the child's best interests, and a statute which allows the court to do no more than provide some temporary custody arrangement for up to three years denies the child due process and equal protection of the laws (Const 1963, art 1, § 2, 17; MCLA 712A.19a).*

Appeal from Barry, Richard Robinson, J. Submitted Division 3 December 4, 1974, at Grand Rapids. (Docket No. 20551.) Decided February 26,

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 42 Am Jur 2d, Infants § 28 *et seq.*
59 Am Jur 2d, Parent and Child §§ 32, 42.

1975. Leave to appeal granted, reversed and remanded, 393 Mich 819.

Petition in probate court by the Barry County Department of Social Services requesting the court to take jurisdiction over the minor son of Delbert Kidder, Sr., and Cara Kidder. The probate court ordered temporary detention, and subsequently terminated the parental rights of the parents. Delbert Kidder, Sr. appealed to the circuit court, which affirmed. Delbert Kidder appeals by leave granted. Reversed and remanded.

*David A. Dimmers,* Prosecuting Attorney, for Barry County Department of Social Services.

*John F. Huntley,* for Delbert Kidder, Jr.

*Siegel & Hudson* for Delbert Kidder, Sr.

Before: T. M. Burns, P. J., and Quinn and O'Hara,* JJ.

T. M. Burns, P. J. This is an appeal from a Barry County Circuit Court order which affirmed an order of the Barry County Probate Court permanently terminating the parental rights of Delbert Kidder, Sr., in his infant son, Delbert Kidder, Jr.

On September 21, 1973, a petition was filed by the Barry County Department of Social Services stating that 4-1/2 month old Delbert Kidder, Jr., was brought to Pennock Hospital in Hastings, Michigan, where it was determined he had sustained as many as 13 fractures in both hands, both arms and both legs. He also had bruises on his

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

right eyebrow, left cheek, nose and upper abdomen, as well as abrasions on his shoulder. The petition alleged that the injuries appeared to have been intentionally inflicted and recited that the mother, Cara Kidder, was one of the persons in control of the infant at the time. The department requested that the probate court take jurisdiction over the child pursuant to MCLA 712A.2; MSA 27.3178(598.2), and an order of temporary detention was granted immediately and custody was placed in a Barry County Juvenile Officer. At the time of these events, appellant was an inmate at the Michigan Training Unit at Ionia. On July 28, 1972, he had been convicted on his plea of guilty of the crimes of breaking and entering and concealing stolen property and had been sentenced to 2-1/2 to 10 years in prison on the first offense and 1-1/2 to 5 years on the second.[1] While in prison, he was notified of his son's hospitalization and alleged abuse. He was advised of the pending hearing to determine custody of the child and expressed a desire to be present at the hearing.

Attorneys were appointed to represent Delbert, Jr., Cara and the appellant, and a hearing was commenced on September 27, 1973. Expert medical testimony established that the infant's 13 fractures were caused at different times over a period of weeks. There is literally no possibility that these injuries were the result of a single accident or event.

There was no positive evidence presented at the hearing of mistreatment by the mother. Cara Kidder testified that a male friend, Jerry Britten, had accidentally stepped on the child's hand at one time and that the baby had accidentally fallen from a seat on Britten's back on another occasion.

[1] Appellant was paroled on May 29, 1974.

She consistently denied injuring the infant herself. Further testimony revealed that from the last of August until the end of September, Jerry Britten had lived with Cara and the child and had disciplined the child often. There is further evidence that Britten had a violent temper and beat Cara on one or more occasions.

At the conclusion of the hearing, the court permanently terminated the parental rights of both parents. The mother's rights were terminated because the court found that she had either permitted these injuries to occur or was unaware that they occurred and thus had not provided suitable medical care for the child. The rights of the appellant father were terminated because he had voluntarily removed himself from the family situation where he could give care or provide for suitable custody for the child.

Appellant appealed to the Barry County Circuit Court. That court affirmed the order of the probate court terminating the parties' parental rights in the child. Although the court noted that appellant's incarceration was, in and of itself, insufficient to warrant termination of parental rights, it found that the incarceration plus appellant's intended reconciliation with his wife upon his release from prison was sufficient.

Appellant's application for leave to appeal the decision of the circuit court was granted on September 25, 1974. Although the parties have presented various issues for this Court's consideration, we are of the opinion that this case is controlled by an issue not directly addressed by the parties, namely: whether the order of the probate court terminating appellant's parental rights in his son was void because the court lacked jurisdiction to so order. Put more simply, the question we

now address is whether the termination of appellant's parental rights was accomplished in accordance with the statute.[2]

The statutory scheme to be followed in this type of proceeding was explained in detail by this Court in *In re LaFlure,* 48 Mich App 377; 210 NW2d 482 (1973), *lv den* 390 Mich 814 (1973). In an opinion written by Judge R. B. BURNS, in which this writer concurred, that scheme was described as follows:

"Whenever information is given to the juvenile division of a probate court alleging that a child is within the provisions of chapter 12A of the probate code (See MCLA 712A.2; MSA 27.3178[598.2]), the court may, in its discretion, conduct a preliminary inquiry to determine whether further action is warranted. If the court determines that further action is warranted, it authorizes the filing of a petition. MCLA 712A.11; MSA 27.3178(598.11). Once a petition has been filed, the probate court may, after such additional investigation as seems necessary, either dismiss the petition or issue a summons to those having custody or control of the child, ordering them and the child to appear. MCLA 712A.12; MSA 27.3178(598.12). Should it then be determined that the child is within the provision of chapter 12A, the probate court may order such disposition as seems appropriate. See MCLA 712A.18; MSA 27.3178(598.18). Should the child be made a temporary ward of the court and placed in foster care, a hearing must be held within six months, at which hearing the child's parents or guardian must appear and 'show the efforts made by them to reestablish a home for a child'. If, after such a review hearing, the child remains in foster care in the temporary custody of the probate court, another hearing must be held within one year of the entry of the original order of disposition, at which hearing the child's parents or guardian must appear

---

[2] Chapter XII A of the Michigan Probate Code; MCLA 712A.1-28; MSA 27.3178(598.1–598.28).

and *'show* the further efforts made by them to reestablish a home for the child, and * * * *show* why the child should not be placed in permanent custody of the court'. If, after this review hearing, the child continues in the temporary custody of the court, additional review hearings must be held at least annually. MCLA 712A.19; MSA 27.3178(598.19). If a neglected child remains in foster care in the temporary custody of the court for two or more years, the court may assume permanent custody of the child if, after a hearing, the child's parents 'fail to *establish* a reasonable probability' that they will be able to provide a fit home within the next year. MCLA 712A.19a(f); MSA 27.3178(598.19a[f]). Any order of the juvenile division of a probate court may be appealed by any aggrieved party to the appropriate circuit court. If the case was commenced in probate court prior to January 1, 1971, appeal is by trial *de novo.* Cases commenced after January 1, 1971, are appealed on the written record. MCLA 712A.22; MSA 27.3178(598.22); MCLA 701.45a; MSA 27.3178(45.1) and 1970 PA 143. If parental rights are terminated, a petition for rehearing may be filed within three months. After rehearing, the court may enter any supplemental disposition it deems appropriate. MCLA 712A.21; MSA 27.3178(598.21)." 48 Mich App 381–382, 210 NW2d 484–485 (Emphasis appears in the original.)

Judge R. B. Burns also said at p 387, 210 NW2d 487:

"Judge Lincoln's years of experience with juveniles led him to conclude that custody disputes must be settled quickly if harm to the child is to be minimized. The judge recommended that parental failure to provide a fit home *within two years* justify termination of parental rights. It is our opinion that 1966 PA 181, § 19, *i.e.,* MCLA 712A.19; MSA 27.3178(598.19), and 1972 PA 59, *i.e.,* MCLA 712A.19a; MSA 27.3178(598.19a), are a codification of the dissents in *Harmsen, Fritts,* and *Mathers*[3] and of Judge Lincoln's recommendations." (Emphasis added.)

---

[3] *Harmsen v Fizzell,* 351 Mich 86; 87 NW2d 161 (1957), *Fritts v Krugh,* 354 Mich 97; 92 NW2d 604 (1958), and *In re Mathers,* 371 Mich 516; 124 NW2d 878 (1963).

Therefore, as the law stands today, final termination of parental rights may not be made unless the child has been in the temporary custody of the court for two years and the state establishes at a hearing that the parents will not be able to reestablish a proper home for the child. Thus, under *LaFlure* and the statute, the probate court had no authority to terminate parental rights at the hearing below and its order terminating those rights is void for lack of jurisdiction. It's action was premature under the provisions of the statute, since the child had only been in the custody of the probate court for a period of approximately two months. The options available to the court at that time were to place the child in the temporary jurisdiction of the court, or to make some other arrangement, including return to parental control. However, the temporal considerations of the cited statute require that if temporary jurisdiction is taken, the child should be given a foster home for an extended period, and the parents accorded their statutory and constitutional rights to attempt to reestablish a suitable home for the child.

We conclude that the probate court's order terminating appellant's parental rights in his child was void for lack of jurisdiction since the hearing held in the probate court was not the proper time or place to terminate parental rights. Accordingly, the circuit court's affirmance of that order was also erroneous. Under the statute, the hearing should have been limited to the question of initial disposition and placement. Therefore, this cause must be remanded to the probate court for a current hearing and for reconsideration thereof by the probate court in the light hereof. Appellant's

fitness to have custody of Delbert, Jr., is to be determined as of the date the probate court considers this case on remand. We point out to each of the parties that this matter should be resolved as quickly as possible in order to avoid any further harm to the child.

Reversed and remanded for further proceedings consistent with this opinion.

O'Hara, J. *(for affirmance).*

I presume I invite criticism for judicially legislating by what I am about to say. I presume further that I will incur the wrath of those who hold in reverential sanctity the right of the natural parents of a child as against the intrusion of the state in determining the right of custody for what under the statute[1] amounts to up to a three-year period during which a helpless infant is relegated to a sort of legal limbo.

I refuse to be deterred in what I say by either.

I decline to follow *In re LaFlure,* 48 Mich App 377; 210 NW2d 482 (1973), *lv den* 390 Mich 814 (1973). It is an opinion of one panel of this Court. The fact that leave to appeal to the Supreme Court was denied gives it no greater precedential status.

During the time of the maltreatment of the child, the father was confined to the state penitentiary. The mother was one of the persons in "control of the infant" when he sustained 13 fractures of hands, arms and legs, and bruises and abrasions to the cheek, nose and abdomen. As Judge Burns notes, "There is literally no possibility that these injuries were the result of a single accident or event."

To the well-reasoned legal conclusion in *La-*

---

[1] MCLA 712A.19a(f); MSA 27.3178 [598.19a(f)].

*Flure, supra, that the probate (juvenile) court was without jurisdiction to do other than provide some makeshift, temporary custody arrangement, I reply that if that is what the statute means it is flagrantly unconstitutional as denying the child due process[2] and equal protection[3] of the laws under the Michigan Constitution.*

Children have rights as sacred and secure in law as parents. A license to bring children into the world is not a license to abuse them by omission or commission.

Were I to have been sitting as the probate judge of Barry County or on the circuit court in review, I would have done exactly what they did.

I refuse to become signatory to an opinion that emasculates a court with exclusive original jurisdiction over an abused child, except to say that it will wait for up to three years to see what happens.

I say with the COOLEY Court of 1880 what is and should be the law today:

"In contests of this kind [and I would add any kind involving child custody] the opinion is now nearly universal that neither of the parties has any rights that can be allowed to seriously militate against the welfare of the child. The paramount consideration is what is really demanded by its best interests." *Corrie v Corrie,* 42 Mich 509, 510; 4 NW 213 (1880).[4]

I vote to affirm the circuit judge.

---

[2] Const 1963, art 1, § 17.

[3] Const 1963, art 1, § 2.

[4] *See, also, Sefa v Sefa,* 23 Mich App 679, 681; 179 NW2d 212 (1970), wherein it was stated:

"The one significant feature common to all child custody cases is our Supreme Court's insistence upon the child's best interest prevailing as the predominant, if not sole, judicial concern." (Citation omitted).