IN THE MATTER OF KENYATTA BROWN

Docket No. 74661. Submitted June 12, 1984, at Detroit.—Decided November 7, 1984.

On March 5, 1984, the Department of Social Services filed a petition in Juvenile Division of the Wayne Probate Court asking that the court take jurisdiction of Kenyatta Brown, a minor child born to Jessie Brown on November 26, 1979, on the basis that Jessie Brown had physically abused the child and had a history of mental illness. On July 16, 1982, the child was made a temporary ward of the court, based upon the mother's admission that she had abused the child. On April 19, 1983, a petition was filed requesting that the court take permanent custody of the child for the purpose of adoption, alleging neglect and the fact that the mother had a history of mental illness which made it impossible to take care of the child's needs. The report evaluating Jessie Brown's emotional condition indicated that there was little hope that she would make a sufficient recovery in the forseeable future such that she would be able to adequately care for the child. At the hearing on the petition, the maternal grandmother indicated that her daughter and grandaughter could live with her, but also indicated that her daughter was difficult to control. The court, Thomas A. Maher, J., refused to place the child in the custody of the grandmother as an alternative to terminating Jessie Brown's parental rights, and on October 19, 1983, terminated the parental rights in the child and made the child a permanent ward of the court. From the order terminating her rights with respect to her daughter, Jessie Brown appeals. *Held:*

1. It was not clear error for the probate court to refuse to

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Parent and Child §§ 8-10.

[1-5] 59 Am Jur 2d, Parent and Child § 39.

Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

[3] 4 Am Jur 2d, Appeal and Error § 139.

[4] 59 Am Jur 2d, Parent and Child §§ 40, 92.

Physical abuse of child by parent as ground for termination of parent's right to child. 58 ALR3d 1074.

[5] 59 Am Jur 2d, Parent and Child § 40.

consider placing Kenyatta Brown in the custody of her grandmother, since Kenyatta's mother, Jessie Brown, would be living in the same household and there was uncontroverted evidence that Jessie Brown's presence in the same household would subject the child to a continuing risk of physical harm.

2. The statute providing for the termination of parental rights of parents unable to provide proper care because of mental illness or deficiency requires only that the mental illness or deficiency precludes proper care of the child for a period of two years without likelihood of improvement in the near future. The statutory provision does not require that a two year period of foster care precede the termination of parental rights. Accordingly, the probate court did not err in terminating Jessie Brown's parental rights after only 15 months of foster care, since there was evidence of a long history of mental illness and resulting neglect and evidence that the situation would not improve in the near future.

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY — PUBLIC POLICY.

It is the policy of the State of Michigan to keep children with their natural parents wherever possible (MCL 712A.1; MSA 27.3178[598.1]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS.

The standard to be applied by a probate court in proceedings to terminate parental rights pursuant to the juvenile code is whether the parents have been shown by clear and convincing evidence to be unfit and unable to become fit; after that standard has been met, the probate court should consider the best interests of the child in exercising its discretionary powers with respect to dispositional orders.

3. APPEAL — TERMINATION OF PARENTAL RIGHTS.

The Court of Appeals is to apply a "clearly erroneous" standard of review in an appeal from a probate court's order terminating parental rights; review of such an order is not *de novo* (MCL 600.866; MSA 27A.866).

4. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS.

It was not clear error for a probate court to refuse to place a child in the custody of a grandparent rather than terminating the parent's parental rights where there was the risk of physical harm to the child from the parent and the parent lived with the grandparent in whose custody it was suggested that the child be placed.

5. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — MENTAL ILLNESS OR DEFICIENCY.

The statute providing for the termination of parental rights of parents unable to provide proper care because of mental illness or deficiency requires only that the mental illness or deficiency precludes proper care of the child for a period of two years without likelihood of improvement in the near future; it does not require that such a period must lapse before termination can be effected (MCL 712A.19a[c]; MSA 21.3178[598.19a][c]).

*Joyce Underwood Munro,* for Kenyatta Brown.

*John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Olga Agnello-Raspa,* Assistant Prosecuting Attorney, for the Department of Social Services.

*Richard R. Harris,* for Jessie Brown.

Before: DANHOF, C.J., and T. M. BURNS and T. C. MEGARGLE* JJ.

PER CURIAM. Respondent, Jessie Brown, appeals as of right from an order of the probate court terminating her parental rights to her minor daughter, Kenyatta Brown.

Respondent's parental rights were terminated pursuant to MCL 712A.19a; MSA 27.3178(598.19a), which allows for a termination of rights if:

"(c) A parent or guardian of the child is unable to provide proper care and custody for a period in excess of 2 years because of a mental deficiency or mental illness, without a reasonable expectation that the parent will be able to assume care and custody of the child within a reasonable length of time considering the age of the child.

\* \* \*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"(e) The parent or guardian is unable to provide a fit home for the child by reason of neglect."

Respondent argues that the probate court erred by failing to consider placing the child with respondent's mother as an alternative to terminating respondent's parental rights. It is the policy of this state to keep children with their natural parents whenever possible. MCL 712A.1; MSA 27.3178.(598.1). Although parental rights may not be terminated except upon proof by clear and convincing evidence of the statutory grounds, the best interests of the child are to be considered by the probate court in making dispositional orders. See *In the Matter of Schejbal*, 131 Mich App 833, 836; 346 NW2d 597 (1984). MCL 712A.19; MSA 27.3178(598.19) implies that a determination of whether termination of parental rights is warranted may included consideration of placement of the child with a close relative:

"The county juvenile agent shall submit reports at [the annual] hearings based on investigations conducted by his office or by a probation officer or on information submitted by a suitable public or private family service or child caring agency approved by the court, regarding the situation of the child's family and *close relatives* and the possibility of their reestablishing a home for the child." (Emphasis added.)

Although there was previously some confusion over the standard of review to be employed in cases involving termination of parental rights, see *In the Matter of Bailey*, 125 Mich App 522; 336 NW2d 499 (1983); *In the Matter of Mudge*, 116 Mich App 159; 321 NW2d 878 (1982), it was recently held that the proper standard is the "clearly erroneous" standard. *In the Matter of Irving*, 134 Mich App 678; 352 NW2d 295 (1984).

We adhere to this holding and, under that standard, find that placement of the child with her grandmother would have been inappropriate in this case since respondent would be residing in the same home. There was uncontradicted evidence that respondent's psychotic episodes resulted in physical abuse of the child. The grandmother admitted that she had difficulty in controlling respondent at times and had, on one occasion, found respondent with butcher knives despite the grandmother's attempts to keep dangerous instruments out of respondent's possession. The grandmother made no offer to establish a home for the child in respondent's absence. She merely stated that she was willing to help respondent care for the child. Accordingly, placing the child in the grandmother's care would have been tantamount to returning the child to respondent's custody and would have subjected the child to a continuing risk of physical harm.

Respondent also argues that termination of her parental rights was improper under MCL 712A.19a(c); MSA 27.3178(598.19a)(c), because only 15 months had elapsed between the placement of the child in foster care and entry of the order terminating respondent's parental rights. In *In the Matter of Kidder,* 393 Mich 819 (1975), *rev'g* 59 Mich App 204; 229 NW2d 380 (1975), the Supreme Court ruled that the 2-year requirement under MCL 712A.19a; MSA 27.3178(598.19a) is not a jurisdictional limit on the probate court's authority to terminate parental rights. Similarly, in *Bailey, supra,* p 528 and *In the Matter of Sharpe,* 68 Mich App 619, 622-627; 243 NW2d 696 (1976), this Court interpreted MCL 712A.19a(c); MSA 27.3178(598.19a)(c) as requiring only that mental deficiency preclude proper care for two years without likelihood of improvement. Accordingly, we

find that a two-year period need not elapse before a termination of parental rights can be effected.

The testimony presented at the dispositional hearing in this matter established that respondent had a long history of severe mental illness and had been recently hospitalized. There was no indication that respondent's condition would improve significantly within the next few months or in the foreseeable future. On the other hand, there was evidence that the instability and impermanence of the child's foster home placements were becoming detrimental to the child's emotional well-being. Consequently, we find no error in the probate court's termination of respondent's parental rights within 15 months of the child's placement in foster care.

Affirmed.