IN THE MATTER OF McCULLOUGH

Docket No. 66672. Submitted January 17, 1985, at Detroit.—Decided February 26, 1985.

The Wayne County Probate Court, Juvenile Division, Y. Gladys Barsamian, J., entered an order terminating the parental rights of Cheryl McCullough in her minor child, John D. McCullough. The order of termination was affirmed after a rehearing. Ms. McCullough appeals by leave granted. *Held:*

1. The standard of review to be applied in an appeal from a termination of parental rights is that of "clearly erroneous".

2. The lower court's findings were not clearly erroneous. The Court of Appeals is not left with the definite and firm conviction that a mistake was made by the lower court.

Affirmed.

1. PARENT AND CHILD — APPEAL — TERMINATION OF PARENTAL RIGHTS.

The Court of Appeals is to apply a "clearly erroneous" standard of review in an appeal from a probate court's order terminating parental rights; review of such an order is not *de novo* (MCL 600.866; MSA 27A.866).

2. PARENT AND CHILD — CHILD CUSTODY — PUBLIC POLICY.

It is the policy of this state to keep children with their natural parents whenever possible, however, it is the best interests of the children which are to be considered in making dispositional decisions regarding children (MCL 712A.1; MSA 27.3178[598.1]).

*Neil A. McQuarrie,* for the minor child.

*John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for petitioner.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 774.
[1, 2] 59 Am Jur 2d, Parent and Child § 5.

*Ina G. Zeemering,* for Cheryl McCullough.

Before: CYNAR, P.J., and BEASLEY and R. E. ROBINSON,* JJ.

PER CURIAM. Appellants' parental rights in her minor child were terminated pursuant to MCL 712A.2(b); MSA 27.3178(598.2)(b) and MCL 712A.19a; MSA 27.3178(598.19a) after hearings in Wayne County Probate Court, Juvenile Division. The termination was affirmed after a rehearing. Appellant's delayed appeal to this Court is by leave granted.

Appellant claims that the lower court erred when it terminated appellant's parental rights before investigating possible placement with relatives. This panel adopts the standard of review stated in *In the Matter of Irving,* 134 Mich App 678; 352 NW2d 295 (1984), and *In the Matter of Brown,* 139 Mich App 17; 360 NW2d 327 (1984). Our review of the record indicates that the lower court's findings were not clearly erroneous. The Department of Social Services established through clear and convincing evidence that appellant did not have a reasonably fixed domicile and that it was unable to locate appellant. The department was unsuccesssful in its attempt to contact appellant's sister in order to work out a plan of care for the child. Appellant's mother refused to care for the child. While it is the policy of this state to keep children with their natural parents whenever possible, MCL 712A.1; MSA 27.3178(598.1), *In the Matter of Brown, supra,* it is the best interests of the child which are to be considered in making dispositional decisions. *In the Matter of Brown, supra; In the Matter of Schejbal,* 131 Mich App

* Former circuit judge, sitting on the Court of Appeals by assignment.

833; 346 NW2d 597 (1984). The child has been in the care of the state since shortly after birth. The appellant has not exercised her right to visitation and has not contributed to the department's attempts to investigate the appellant's home and her ability to care for the child. The appellant has abandoned four other children who have become wards of the state. With these facts in mind, and with the rest of the record before us, we are not left with the definite and firm conviction that a mistake was made by the lower court in terminating the appellant's parental rights.

The termination of parental rights is affirmed.