## *In re* SPRATT

Docket No. 105222. Submitted July 12, 1988, at Grand Rapids. Decided August 16, 1988.

Pursuant to a petition by the Department of Social Services, the Hillsdale County Probate Court, Albert J. Neukom, J., on November 4, 1987, terminated the parental rights of Mary Spratt to her son, James Matthew Spratt, born April 10, 1987. The court concluded that respondent suffers from a mental condition which renders her unable to provide proper care and custody of her child for a period which will exceed two years. Respondent appealed.

The Court of Appeals *held:*

MCL 712A.19a(c); MSA 21.3178(598.19a)(c), which provides for the termination of parental rights of parents unable to provide proper care because of mental illness or deficiency, requires only that the mental illness or deficiency preclude proper care of the child for a period of two years without likelihood of improvement in the near future. The statute does not require that a minimum of two years must elapse before termination can be effected. Here, there was ample evidence that respondent's mental illness renders her unable to care for her child for a period which will exceed two years.

Affirmed.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — MENTAL ILLNESS OR DEFICIENCY.

The statute providing for the termination of parental rights of parents unable to provide proper care because of mental illness or deficiency requires only that the mental illness or deficiency preclude proper care of the child for a period of two years without likelihood of improvement in the near future; it does not require that such a period must elapse before termination can be effected (MCL 712A.19a[c]; MSA 21.3178[598.19a][c]).

REFERENCES

Am Jur 2d, Parent and Child §§ 7, 34, 35.

Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

*Marks & Smith, P.C.* (by *Michael R. Smith*), Guardian Ad Litem, for the minor child.

*Dimmers & Boyd* (by *Daniel P. Boyd*), for respondent.

Before: WEAVER, P.J., and GILLIS and M. J. TAL-BOT,* JJ.

WEAVER, P.J. Respondent appeals as of right from a probate court order terminating parental rights to her minor child, James Matthew Spratt, pursuant to MCL 712A.19a(c); MSA 27.3178 (598.19a)(c). We affirm.

I

The Department of Social Services filed a neglect petition on April 10, 1987, the date that James was born.[1] At the preliminary hearing held that same day, the probate court ordered James placed in temporary foster care. At an adjudication hearing held on May 7, 1987, the court took jurisdiction after finding by a preponderance of the evidence that James was a dependent and neglected child. The court then set a date for the dispositional hearing.

At the dispositional hearing held on June 10, 1987, the court ordered respondent to undergo a psychological evaluation and treatment plan, noting that although reasonable efforts had been made to return James to respondent, it was still necessary for James to continue in temporary foster care. At a review hearing held on Septem-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] James Matthew Spratt is respondent's second child. The first child was previously placed for guardianship due to respondent's inadequate parenting skills and emotional instability.

ber 2, 1987, the court continued this dispositional order including visitation rights for respondent.

At the termination hearing held on November 4, 1987, expert testimony indicated that respondent's mental illness was such that there was no reasonable expectation of respondent's acquiring the parenting skills sufficient to care for James within the next two years, if ever.

The probate court found that respondent had had numerous contacts with the court, DSS and other assisting public agencies since 1981; that due to her chronic mental disorder, which had been diagnosed as paranoid schizophrenia or manic-depressive with paranoid tendencies, respondent had twice been hospitalized for mental illness; that despite respondent's continuing counseling involvement with mental health and social workers and despite her ongoing extensive medication therapy beginning in 1981, respondent's condition had remained essentially unchanged and her prognosis was poor.

The court found by clear and convincing evidence that if the court waited two years or ten years, there was almost no likelihood of respondent's experiencing any more improvement than had occurred over the last eight years, but that due to the increasingly complex demands of parenthood which would unavoidably occur as the child advanced in age, the probability was great that the situation would become much worse if James were returned to respondent's care. The court then determined, pursuant to MCL 712A.19a(c); MSA 27.3178(598.19a)(c), that respondent suffered from a mental condition which rendered her unable to provide proper care and custody of James for a period in excess of two years and terminated her parental rights.

II

We reject respondent's argument on appeal that the probate court lacked authority to terminate her parental rights before the two-year period, set forth in MCL 712A.19a(c); MSA 27.3178(598.19a)(c),[2] had fully elapsed.

MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1)[3] conferred jurisdiction upon the probate court. Authority to terminate respondent's parental rights was not limited to actual expiration of the two-year time period cited in § 19a(c). *In re Kidder*, 393 Mich 819, 819-820; 395 Mich 51 (1975), reversing and remanding 59 Mich App 204; 229 NW2d 380 (1975); *In re Smebak*, 160 Mich App 122, 127; 408 NW2d 117 (1987); *In re Bailey*, 125 Mich App 522,

---

[2] MCL 712A.19a(c); MSA 27.3178(598.19a)(c) provides:

Where a child remains in foster care in the temporary custody of the court following the initial hearing provided by section 19, the court may make a final determination and order placing the child in the permanent custody of the court, if it finds any of the following:

\* \* \*

(c) A parent or guardian of the child is unable to provide proper care and custody for a period in excess of 2 years because of a mental deficiency or mental illness, without a reasonable expectation that the parent will be able to assume care and custody of the child within a reasonable length of time considering the age of the child.

[3] MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1) confers upon the juvenile division of the Michigan probate courts jurisdictional power over minor children

[w]hose parent or other person legally responsible for the care and maintenance of the child, when able to do so, neglects or refuses to provide proper or necessary support, education as required by law, medical, surgical, or other care necessary for his or her health or morals, or who is deprived of emotional well-being, or who is abandoned by his or her parents, guardian, or other custodian, or who is otherwise without proper custody or guardianship.

528-529; 336 NW2d 499 (1983). See also *In re McCombs,* 160 Mich App 621; 408 NW2d 401 (1987); *In re Brown,* 139 Mich App 17; 360 NW2d 327 (1985); *In re Sharpe,* 68 Mich App 619; 243 NW2d 696 (1976), lv den 399 Mich 882 (1977).[4]

We are unpersuaded by respondent's argument that the two-year period mentioned in *Kidder* addressed only a situation of parental neglect pursuant to § 19a(f) and did not address that of mental deficiency or mental illness under § 19a(c). The Michigan Supreme Court noted in *Kidder* that neglect was but one criterion for termination and specifically stated that the two-year provision of the general statute, § 19a, "is *not* a minimum jurisdictional time during which a child *must* remain in foster care prior to proceeding to a termination of parental rights." *Kidder, supra,* 393 Mich 819-820.

Further, the language of § 19a(f) lends itself more favorably to respondent's interpretation than does the language of § 19a(c). Section 19a(f) states that the court may order permanent custody where the child "*has been* in foster care in the court's temporary custody on the basis of a neglect petition for a period of at least 2 years." By contrast, § 19a(c) merely states that the court may order permanent custody where a "parent or guardian *is* unable to provide proper care and custody for a period in excess of 2 years."

Although the language of § 19a(f) more strongly favors respondent's position than does the language of § 19a(c), the Michigan Supreme Court has already interpreted § 19a(f) as not mandating the

---

[4] We note a conflict in the decisions of this Court represented by *In re Youmans,* 156 Mich App 679, 688; 401 NW2d 905 (1986), lv den 428 Mich 871 (1987). See also *In re Bidwell,* 129 Mich App 499, 505; 342 NW2d 82 (1983). We find the reasoning of these cases to be unpersuasive and to conflict with the Supreme Court's holding in *Kidder, supra,* by which we are bound.

two years to have actually elapsed. If the interpretation of that statutory section which most favors respondent's position has already been rejected by the Supreme Court, it would be unreasonable to interpret the language of § 19a(c) to accomplish what § 19a(f) could not.

In this case, there was ample evidence that respondent was unable to care for James for a period in excess of two years because of a mental deficiency or mental illness and that there was no reasonable expectation that respondent would be able to assume the care and custody of James within a reasonable time. MCL 712A.19a(c); MSA 27.3178(598.19a)(c). The findings of the probate court were not clearly erroneous. *In re Cornet*, 422 Mich 274, 277; 373 NW2d 536 (1985). Clear and convincing evidence supports the court's decision. *In re Andeson*, 155 Mich App 615, 619-620; 400 NW2d 330 (1986).

Affirmed.