*In re* BANAS

Docket No. 105801. Submitted October 4, 1988, at Grand Rapids. Decided December 1, 1988.

The Kent County Department of Social Services petitioned the Kent County Probate Court to terminate the parental rights of Barbara Banas to her daughter, LeeAnn Banas. After a hearing, the court, Randall J. Hekman, J., found that Barbara Banas was unable to provide care and custody for her daughter for a period in excess of two years due to a mental illness and that there was no reasonable expectation that she would be able to within a reasonable length of time and terminated her parental rights. Barbara Banas appealed.

The Court of Appeals *held:*

1. The court did not err in failing to find neglect or culpability.

2. The court did not err in finding that the two-year period of inability could be either retrospective or prospective.

Affirmed.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — MENTAL ILLNESS OR DEFICIENCY.

The statute providing for the termination of parental rights of parents unable to provide proper care because of mental illness or deficiency requires only that the mental illness or deficiency preclude proper care of the child for a period of two years without likelihood of improvement in the near future; it does not require that such a period must elapse before termination can be effected (MCL 712.9a[c]; MSA 21.3178[598.19a][c]).

*William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *Carol K. Bucher,* Assistant Prosecuting Attorney, for Kent County Department of Social Services.

REFERENCES

Am Jur 2d, Parent and Child §§ 34, 35.

Validity of state statute providing for termination of parental rights. 22 ALRth 774.

*Wheeler, Upham, Bryant & Uhl, P.C.* (by *Duane J. Beach*), for Barbara Banas.

Before: DANHOF, C.J., and HOOD and R. L. OL-ZARK,* JJ.

PER CURIAM. Respondent appeals as of right from a January 11, 1988, order of the Kent County Probate Court terminating her parental rights to her daughter, LeeAnn Banas, born June 29, 1984. The father was unknown at the time of the proceedings. The court made LeeAnn a permanent ward of the court and made her available for adoption.

The record indicates that respondent suffered from psychological illness for some time prior to LeeAnn's birth. Her condition did not require hospitalization or custodial care, but she did receive assistance in the form of supervision, observation and medical supervision from at least two community organizations both before and after LeeAnn's birth. The record includes testimony from seven witnesses, including employees of Harbinger, a community treatment program for the chronically mentally ill, who had tried to work with the mother in providing for her own prenatal care and for LeeAnn's early medical and nutritional needs. As LeeAnn developed, it became apparent that the increased parenting needs were not being met and Harbinger contacted the county Catholic Social Services Prevention Unit in the fall of 1985 for assistance. The prevention services caseworker testified as to her concerns regarding the mother's ability to cope with the child's developmental needs, as well as nutritional and medical care. Both respondent and the Department of So-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cial Services presented psychological evaluations of respondent.

Termination proceedings were apparently prompted by the mother's placing LeeAnn in the care of a friend and former caseworker when she was experiencing a particularly difficult time in the fall of 1986. LeeAnn was eventually removed from the caseworker's home by the county protective services and made a temporary ward of the court in January, 1987.

The probate court's findings of fact indicate that the mother's mental illness and long-term personality disorder significantly interfered with her ability to provide for LeeAnn's needs. The court also indicated its concern with the appropriateness of the mother's response to indications that her live-in boyfriend had sexually abused LeeAnn. Although the mother had agreed to terminate her relationship with the man, the record indicates they were still together at the time of the final termination hearing.

Before terminating parental rights, the probate court must find that clear and convincing evidence establishes at least one of the statutory grounds for termination. MCL 712A.19a; MSA 27.3178(598.19a); *In re Tedder,* 150 Mich App 688, 698; 389 NW2d 149 (1986). A probate court's decision to terminate parental rights will not be reversed unless clearly erroneous. A finding is clearly erroneous when, having reviewed the entire evidence, this Court is left with the definite and firm conviction that a mistake has been made. *In re Cornet,* 422 Mich 274, 277-278; 373 NW2d 536 (1985).

The court found that, because of the mother's mental illness, termination was appropriate under MCL 712A.19a(c); MSA 27.3178(598.19a)(c). Respondent does not challenge the finding or the

evidence concerning her mental illness and long-term personality disorder. Respondent argues that the court committed error in not specifically finding that LeeAnn was neglected. Neither the statute nor the case law requires a finding of neglect or culpability when parental rights are terminated because of mental illness. Under § 19a(c), the court reviews the evidence to see if "the mental deficiency or illness renders the parent unable to provide proper care and custody for a period of two years." Our review indicates there was clear and convincing evidence to meet this standard. *In re Spratt,* 170 Mich App 719; 428 NW2d 754 (1988).

Nor did the probate court err in finding that the two-year provision in § 19a(c) can be either retrospective or prospective. The statute requires only that mental illness or deficiency preclude proper care of the child for a period of two years without likelihood of improvement in the near future. It does not require a lapse of two years after jurisdiction is assumed or foster care initiated. *Spratt, supra; In re Bailey,* 125 Mich App 522; 336 NW2d 499 (1983). The record indicates that the mother was receiving child-care assistance from various community organizations even prior to LeeAnn's birth. The record indicates a continuing deterioration in the mother's ability to provide proper care and custody as LeeAnn matured and required different types of supervision and care. LeeAnn's situation had, in effect, been monitored by various professionals for over three years at the time of the termination. The court did not err in finding compliance with the two-year provision.

Since there was clear and convincing evidence to provide a basis for termination under § 19a(c), we need not consider the additional claim that the probate court erred in finding that termination

was also justified for neglect under § 19a(e). However, we note that, if § 19a(c) had not applied, the evidence was sufficient to support the finding. *In re Campbell,* 170 Mich App 243; 428 NW2d 347 (1988).

Affirmed.