*In re* YOUMANS

Docket Nos. 89334, 89335, 89336, 89337, 89338, 89339, 89340. Submitted June 26, 1986, at Grand Rapids. Decided December 15, 1986. Leave to appeal denied, 428 Mich —.

The Mason Probate Court, Francis K. Bourisseau, J., terminated the parental rights of Donald H. Youmans and Leawana K. Youmans to their seven minor children on grounds of neglect and inability to provide proper care and custody because of mental deficiency or mental illness. Mr. and Mrs. Youmans (respondents) filed an appeal from each of the seven termination orders. The appeals have been consolidated.

The Court of Appeals *held:*

1. The probate court erred in assuming jurisdiction over the four oldest children. The allegations against respondents were insufficient to confer subject matter jurisdiction on the probate court. The proceedings involving these four children were void ab initio.

2. The probate court erred by assuming jurisdiction over the next two oldest children before petitions were filed as to them. The court, by proceeding to the adjudicative phase without a petition containing allegations that the two children fell within the jurisdiction of the court, lacked subject matter jurisdiction over those children and the proceedings therefore were void ab initio.

3. The probate court erred in terminating respondents' parental rights to the youngest child, Joshua, on the ground that the parents would be unable to provide proper care and custody for a period in excess of two years because of a mental defi-

REFERENCES

Am Jur 2d, Courts §§ 32, 104.

Am Jur 2d, Evidence §§ 127-131, 1080 *et seq.*

Am Jur 2d, Infants §§ 28, 29, 31.

Am Jur 2d, Parent and Child §§ 9, 10, 25 *et seq.;* 40.

Am Jur 2d, Pleading §§ 68 *et seq.*

Physical abuse of child by parent as ground for termination of parent's right to child. 53 ALR3d 605.

See also the annotations in the Index to Annotations under Appeal and Error; Custody and Support of Children; Jurisdiction; Mental Condition or Capacity; Presumptions and Burden of Proof.

ciency or mental illness. However, the court also stated that it was terminating respondents' parental rights due to neglect, and the court's findings of neglect as to Joshua are not clearly erroneous. The order terminating respondents' parental rights over Joshua is affirmed.

Affirmed in part and reversed in part.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — JURISDICTION.

A probate court must determine at the adjudicative stage of termination of parental rights proceedings whether sufficient facts have been alleged to support the court's assertion of jurisdiction.

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — PETITIONS.

The legal sufficiency of a petition to terminate parental rights is always subject to attack, even collaterally.

3. COURTS — PROBATE COURTS — JUVENILE DIVISION — JURISDICTION.

Jurisdiction of the juvenile division of the probate court is purely statutory and cannot be conferred by consent of the parties (MCL 712A.2[b]; MSA 27.3178[598.2][b]).

4. COURTS — PROBATE COURTS — JUVENILE DIVISION — JURISDICTION.

A petition alleging that a child comes within the jurisdiction of the juvenile division of the probate court must be filed before the court can assume jurisdiction (MCL 712A.11; MSA 27.3178[598.11]; MCR 5.904[A][1]).

5. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — MENTAL ILLNESS OR DEFICIENCY.

The statute providing for the termination of parental rights of parents unable to provide proper care because of mental illness or deficiency precludes a termination of rights until a period of at least two years has elapsed, during which time mentally ill or mentally deficient parents may receive training or treatment and regain the custody of their children (MCL 712A.19a[c]; MSA 27.3178[598.19a(c)]).

6. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — NEGLECT.

A permanent custody order terminating a parent's parental rights on the basis of neglect must be based on circumstances which establish or seriously threaten neglect of the child for the long-run future (MCL 712A.19a[e]; MSA 27.3178[598.19a(e)]).

7. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — EVI-
DENCE.

Evidence that a parent mistreats a child is probative of how that
parent may treat other children.

8. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — BUR-
DEN OF PROOF.

The state bears the burden of proving by clear and convincing
evidence that a termination of parental rights is warranted.

9. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS.

A probate court at a dispositional hearing in proceedings to
terminate parental rights may apprise itself of all relevant
circumstances and, in its discretion, may admit evidence of
such circumstances or may consult the records of the original
and all subsequent hearings on the custody of the child.

10. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — BEST
INTERESTS OF CHILD — BURDEN OF PROOF.

The best interests of the child, while relevant in proceedings
under the juvenile code, may not justify termination of paren-
tal rights without clear and convincing proof of the statutory
grounds for the custody order; once clear and convincing evi-
dence has established the statutory grounds justifying a perma-
nent custody order, the court may consider the best interests of
the child.

11. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS —
APPEAL.

A probate court order terminating parental rights is reviewed
under the clearly erroneous standard.

*Cris J. Van Oosterum,* Prosecuting Attorney, for
petitioner.

*Riley & Riley,* (by *Michael J. Riley*), for respon-
dents.

Before: R. B. BURNS, P.J., and R. M. MAHER and
F. D. BROUILLETTE,* JJ.

PER CURIAM. Respondents appeal as of right
from Mason Probate Court orders terminating

---

* Circuit judge, sitting on the Court of Appeals by assignment.

their parental rights to their seven children.[1] The seven appeals have been consolidated for review by this Court. Respondents raise thirteen issues, three of which are dispositive. We hold that the probate court erred in assuming jurisdiction over Donald, Matthew, Travis, Dena, Victoria and Samantha Youmans. We affirm the decision of the probate court terminating respondents' parental rights to Joshua Youmans.

I

At the adjudicative stage of termination proceedings, the probate court must determine whether sufficient facts have been alleged to support the court's assertion of jurisdiction. *In re Baby X,* 97 Mich App 111; 293 NW2d 736 (1980); *In re Kurzawa,* 95 Mich App 346; 290 NW2d 431 (1980).

In this case, petitioners alleged that Donald, Matthew, Travis and Dena Youmans fell within the probate court's jurisdiction, pursuant to subsections (1) and (2) of MCL 712A.2(b); MSA 27.3178(598.2)(b), which provide:

> Except as otherwise provided in this section, the juvenile division of the probate court shall have:
>
> * * *
>
> (b) Jurisdiction in proceedings concerning any child under 17 years of age found within the county:
> (1) Whose parent or other person legally responsible for the care and maintenance of such child, when able to do so, neglects or refuses to provide proper or necessary support, education as required by law, medical, surgical, or other care necessary for his or her health or morals, or who is deprived

[1] These termination proceedings were commenced in Lake County, but were transferred to Mason County at respondents' request after they moved to that county.

of emotional well-being, or who is abandoned by his or her parents, guardian, or other custodian, or who is otherwise without proper custody or guardianship.

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, or other custodian, is an unfit place for such child to live in.

The petition contained the following allegations:

That said minors reside[d] with natural parents, Donald and Leawana Youmans, . . . from January 1, 1982, to July 19, 1982. Fred Olson, Lake County Protective Services Worker, visited the home of natural parents on nine different occasions: January 21, 1982; January 27, 1982; February 3, 1982; February 17, 1982; March 10, 1982; March 15, 1982; March 25, 1982; April 8, 1982; and July 6, 1982, and observed the following:

a.) dirty dishes, pots and pans piled in kitchen sink. They were covered with old food scraps which appeared to be moldy and spoiled.

b.) a strong smell, similar to that of human urine, was found throughout the house.

c.) numerous piles of dirty clothes in the bathroom.

d.) floors in the house were covered with dirt, cigarette butts, wood scraps food scraps, and particles.

On or about February 24, 1982, Leawana Youmans, natural mother of the said children, informed Fred Olson, Lake County Protective Services Worker, that she had left the family, was not returning, and that she would never clean the house.

On or about the weekend of April 3, 1982, and April 4, 1982, Matthew Youmans ingested five valiums and was hospitalized. Donald H. Youmans, natural father of said children, stated to Fred Olson, Lake County Children's Protective Services

Worker, that the bottle of valiums was in a non-child proof bottle and located where the child could gain access to the bottle.

On or about April 19, 1982, while in voluntary placement at the William and Cynthia Cole Foster home, Dena Youmans was observed to be suffering from a severe diaper rash.

Respondents claim that these allegations are insufficient to establish jurisdiction and seek our determination that all orders and judgments with respect to the four oldest Youmans children are void. Petitioner's response is twofold: (1) that the jurisdiction of the court is not subject to collateral attack and (2) that respondents admitted the truth of the allegations and, therefore, consented to the probate court's assumption of jurisdiction.

Petitioner's first claim is without merit. The legal sufficiency of the petition itself is always subject to attack, even collaterally. *In re Ferris,* 151 Mich App 736; 391 NW2d 468 (1986); *In re Dupras,* 140 Mich App 171; 363 NW2d 26 (1984); *In re Adrianson,* 105 Mich App 300; 306 NW2d 487 (1981). Although *Ferris* conflicts with *Dupras* and *Adrianson* regarding whether the sufficiency of the evidence presented at the adjudicative hearing is an issue which may be raised in a collateral appeal to this Court, the resolution of the conflict is not necessary to our decision. In this case, respondents challenge the sufficiency of the allegations, not the sufficiency of the evidence.

Petitioner's second claim is also without merit. MCL 712A.2(b); MSA 27.3178(598.2)(b) confers subject matter jurisdiction on the juvenile division of the probate court. Since the jurisdiction of the court is purely statutory, it cannot be conferred by the consent of the parties. *Lehman v Lehman,* 312 Mich 102, 106; 19 NW2d 502 (1945). Although the respondents are free to admit the truth of the

allegations and relieve the prosecutor of the need to put forth proofs, the admissions do not establish the court's jurisdiction. The court must make an independent determination of whether the allegations are sufficient to permit the court to assume jurisdiction over the matter.

We conclude that the allegations were insufficient to confer subject matter jurisdiction on the probate court. There are no allegations which would provide the probate court with jurisdiction under subsection (1), as there are no statements that respondents neglected or refused to provide proper or necessary support, education or medical care, that the children were deprived of emotional well-being or that respondents had abandoned them.[2]

Furthermore, we do not believe that the allegations are sufficient to provide jurisdiction under subsection (2). We do not believe that dirty homes and diaper rash are the type of "neglect" contemplated by the statute as authorizing the termination of parental rights. Petitioner does not allege that the home is unhabitable. Similarly, the statement that Matthew swallowed Valium is an insufficient allegation. We are not unmindful of the danger of leaving medication within the reach of children. The allegation, however, does not establish that respondents were so neglectful of their children's well-being as to permit state interference with their fundamental right to raise their children. *Kurzawa, supra,* pp 356-357.

Accordingly, we hold that the probate court erred in assuming jurisdiction over Donald, Matthew, Travis and Dena Youmans and that the

[2] The fact that Leawana Youmans told the protective services worker that she had left the family and would not return is not an allegation of abandonment by both parties. There was no allegation that the children were without proper custody or guardianship.

proceedings were void ab initio. We order those four children returned to the custody of their parents.

II

Respondents argue that the probate court erred by assuming jurisdiction over Victoria and Samantha before petitions were filed.

At a review hearing held on September 5, 1984, with regard to Donald, Matthew, Travis and Dena, the petitioner informed the court that it would be filing petitions with respect to Victoria and Samantha, who were born subsequent to the initial proceedings. After hearing the testimony of a protective services worker, the probate court made Victoria and Samantha wards of the court. Later that day, petitions were filed.

Both the probate code and the court rules contemplate that a petition must be filed before the court can assume jurisdiction. MCL 712A.11; MSA 27.3178(598.11) provides:

> If it appears that formal jurisdiction should be acquired, the court shall authorize a petition to be filed.

JCR 1969, 4.1, now MCR 5.904(A)(1), provides that a complaint must be filed or a petition submitted by the party seeking to invoke the court's jurisdiction. At the adjudicative phase, the determination is then made whether the child comes within the court's jurisdiction "as alleged in the petition." JCR 1969, 8.1(A), now MCR 5.908(A)(1)(a). Clearly, the probate court cannot assume jurisdiction over minors in the absence of formal allegations that the children are within the provisions of the juvenile chapter of the probate code. Furthermore, the

parents have a right to notice, JCR 1969, 7, now MCR 5.907, and a right to trial by jury, JCR 1969, 7.2(B)(2), now MCR 5.907(B)(1)(b), at the adjudicative phase. Respondents were denied both rights in this case. Therefore, we hold that the probate court, by proceeding to the adjudicative phase without a petition containing allegations that the children fell within the jurisdiction of the court, lacked subject matter jurisdiction over Victoria and Samantha and that the proceedings were void ab initio.[3]

III

Respondents argue that the probate court erred in terminating their parental rights to Joshua Youmans. We agree.

Pursuant to MCR 5.914, a court terminating parental rights under the juvenile code must make findings of fact and state conclusions of law, including a statutory basis for the termination order. At the close of the dispositional hearing in the instant case, the probate court stated its findings of fact and conclusions of law. In a footnote to the transcript of the hearing, the probate court stated that the statutory basis for the order was MCL 712A.19a(c); MSA 27.3178(598.19a[c]), which provides:

A parent or guardian of the child is unable to provide proper care and custody for a period in excess of 2 years because of a mental deficiency or mental illness, without a reasonable expectation that the parent will be able to assume care and custody of the child within a reasonable length of time considering the age of the child.

---

[3] Respondents also argue that the petitions were insufficient to establish jurisdiction. We express no opinion on the merits of this claim.

Although the probate court's findings and conclusions are sufficient to satisfy MCR 5.914, we conclude that the court erred in terminating parental rights to Joshua under subsection (c).

In order for the probate court to terminate parental rights under MCL 712A.19a(c), there must be clear and convincing evidence that the parent is "unable to provide proper care and custody for a period *in excess of 2 years* because of a mental deficiency or mental illness." We acknowledge that another panel of this Court has held that the probate court may terminate parental rights after *anticipating* a two-year period in which a mentally deficient or mentally ill parent is unable to provide care and custody. *In re Bailey,* 125 Mich App 522, 528; 336 NW2d 499 (1983). However, we agree with the *Bailey* dissent that the statute provides a two-year grace period in which mentally ill or mentally deficient parents may receive training or treatment and regain the custody of their children. *Bailey, supra,* pp 529-532 (H. W. MOES, J., dissenting).

Joshua was born on April 19, 1985. Parental rights were terminated seven months later, on November 20, 1985. Even if the evidence was sufficient to show that the Youmanses were mentally ill or mentally deficient and that their mental condition rendered them unable to provide proper care and custody for Joshua, the minimum two-year period was not met. Thus, the probate court lacked the authority to terminate parental rights under subsection (c).[4]

The probate court also stated, however, at the dispositional hearing, that it was terminating the Youmanses' parental rights because of neglect.

---

[4] We express no opinion on whether there was clear and convincing evidence that the Youmanses were unable to provide proper care and custody of Joshua due to mental illness or mental deficiency.

MCL 712A.19a(e); MSA 27.3178(598.19a[e]). Although the amount of neglect necessary to justify termination of parental rights is not capable of precise or exact definition, termination of parental rights due to neglect must be based upon testimony of such a nature as to establish or seriously threaten neglect of the child for the long-run future. *In re Riffe,* 147 Mich App 658, 671-672; 382 NW2d 842 (1985), lv den 424 Mich 904 (1986). There must be real evidence of long-term neglect or serious threats to the future welfare of the child to overthrow permanently the natural and legal rights of parents. *Fritts v Krugh,* 354 Mich 97, 116; 92 NW2d 604 (1958). Evidence that a parent mistreats a child is probative of how that parent may treat other children. *In re Futch,* 144 Mich App 163, 168; 375 NW2d 375 (1984). *In re LaFlure,* 48 Mich App 377; 210 NW2d 482 (1973). The word "neglect" necessarily entails some degree of culpability on the parent's part, by way of either intentional or negligent disregard of the child's needs. *In re McDuel,* 142 Mich App 479, 485; 369 NW2d 912 (1985).

The state bears the burden of proving by clear and convincing evidence that termination of parental rights is warranted. MCR 5.908(C)(2); *In re Bidwell,* 129 Mich App 499; 342 NW2d 82 (1983). A probate court may apprise itself of all relevant considerations and, in its discretion, may admit evidence of such circumstances or may consult the records of the original and all subsequent hearings on the custody of the child. *In re Harmon,* 140 Mich App 479, 481; 364 NW2d 354 (1985).

The best interests of the child may not justify a termination of parental rights without clear and convincing proof of the statutory grounds for the custody order. Once clear and convincing evidence has established the statutory grounds justifying a

permanent custody order, the court may consider the best interests of the child. *In re Slis,* 144 Mich App 678, 684-685; 375 NW2d 788 (1985). The probate court order terminating parental rights is reviewed under the clearly erroneous standard. *In re Cornet,* 422 Mich 274, 277; 373 NW2d 536 (1985).

From our review of the record, we cannot say that the probate court's findings of neglect are clearly erroneous. The Youmanses' long-term neglect of their other children, together with Leawana's inability to provide care and Donald's negligent disregard for Joshua's special medical needs, is evidence of a serious threat to Joshua's future welfare. There is clear and convincing evidence of neglect justifying the termination of the Youmanses' parental rights over Joshua, and the probate court order terminating parental rights over Joshua is affirmed.

In conclusion, we hold that the probate court erred in assuming jurisdiction over Donald, Matthew, Travis, Dena, Victoria and Samantha Youmans, and all proceedings with respect to these children are void ab initio. We affirm the decision of the probate court terminating respondents' parental rights to Joshua Youmans.

Affirmed in part and reversed in part.