*In re* MACOMBER

Docket No. 102360. Submitted October 6, 1988, at Grand Rapids. Decided March 21, 1989. Leave to appeal applied for.

The Department of Social Services initiated child protective proceedings in the Kent County Probate Court regarding a child of Harold J. and Lucille Macomber. Petitioner alleged that, by reason of sexual contact with the child by Harold J. Macomber (hereafter respondent), the child's home was an unfit place in which to live. Following a preliminary hearing, a referee ordered that the child be placed in the care of her mother and that respondent not reside in the family home. After an adjudicative hearing, the court, Randall J. Hekman, J., ordered, inter alia, that respondent not live in the family home and that he pay $180 each week for support of his family. The court continued its orders following a dispositional hearing and a review hearing. Respondent appealed.

The Court of Appeals *held:*

1. The probate court has no inherent powers and its right to take jurisdiction over children and to govern their lives is based entirely on the constitution and statutes. Here, the relevant statutes provide the probate court with no authority to issue the orders challenged by respondent.

2. The probate court in this case did not abuse its discretion in denying a motion to compel discovery brought by respondent.

Reversed.

1. COURTS — PROBATE COURT — INFANTS — JURISDICTION.

The probate court has no inherent powers; its right to take jurisdiction over children and to govern their lives is based entirely on constitution and statute (Const 1963, art 6, § 15).

2. COURTS — PROBATE COURT — CHILD NEGLECT PROCEEDINGS — EVICTION — CHILD SUPPORT.

In proceedings relating to a child over whom the probate court

REFERENCES

Am Jur 2d, Courts §§ 32, 104; Juvenile Courts and Delinquent and Dependent Children §§ 16-21.

See the Index to Annotations under Juvenile Courts and Delinquent Children.

has assumed jurisdiction pursuant to a petition alleging that the child's home is an unfit place in which to live by reason of a parent's neglect, the probate court is without authority to order that the respondent-parent not reside in the family home or that the respondent-parent pay a certain sum of money to support the family (MCL 712A.2[b][2], 712A.6, 712A.18; MSA 27.3178[598.2][b][2], 27.3178[598.6], 27.3178[598.18]).

3. COURTS — PROBATE COURT — DISCOVERY ORDERS — APPEAL.

The grant or denial of a motion to compel discovery in proceedings in the juvenile division of the probate court rests within the probate court's discretion and will not be reversed on appeal absent an abuse of discretion (MCR 5.907[B][5]).

*William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *David R. Gersch,* Assistant Prosecuting Attorney, for petitioner.

*N. Garth Petersen,* for respondent Harold J. Macomber.

Before: DANHOF, C.J., and HOOD and R. L. OLZARK,* JJ.

PER CURIAM. Respondent, Harold J. Macomber, appeals as of right from Kent County Probate Court child protective proceedings concerning his daughter, who was born December 8, 1970. We reverse.

We first address the issue of whether the juvenile division of the probate court had jurisdiction over the Macomber child. A petition must be filed before the juvenile division of the probate court can assume jurisdiction. MCL 712A.11; MSA 27.3178(598.11); MCR 5.904(A)(1) (this and all other references to court rules in this opinion refer to the rules which were in effect during the relevant time period); *In re Youmans,* 156 Mich App 679,

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

686; 401 NW2d 905 (1986), lv den 428 Mich 871 (1987). At the adjudicative phase, a determination must be made whether the child comes within the court's jurisdiction under the juvenile code as alleged in the petition. MCR 5.908(A)(1)(a). The probate court cannot assume jurisdiction over children in the absence of formal allegations that they are within the provisions of the juvenile chapter of the probate code. *Youmans, supra,* p 686.

The *Youmans* Court held that the probate court, by proceeding to the adjudicative phase without a petition containing allegations that the children fell within the jurisdiction of the court, lacked subject-matter jurisdiction over the children. Therefore, the proceedings were void ab initio. 156 Mich App 687. See also *In re Ferris,* 151 Mich App 736; 391 NW2d 468 (1986), lv den 426 Mich 856 (1986). Respondent relies on *Youmans* in support of his contention that the juvenile court proceedings were void ab initio because the probate court assumed jurisdiction over his child before a petition was filed. The record contains some support for respondent's contention. However, we decline to reverse on this issue because the facts are unclear.

The record contains a handwritten, unsigned sheet of paper, dated and filed January 26, 1987, stating that the child came within MCL 712A.2(b)(2); MSA 27.3178(598.2)(b)(2). The paper stated that her home or environment was an unfit place for her to live because she allegedly had been subjected to improper sexual conduct by respondent. A form entitled "Record of Preliminary Hearing," filed January 26, 1987, indicates that a petition was read. See MCR 5.904(B). However, on February 13, 1987, respondent filed a "demand for copy of petition" which indicates that a petition did not exist at that time. A petition was filed on

April 23, 1987, the same date on which the adjudicative hearing was held.

The above-described facts indicate that respondent's jurisdictional contention is correct. However, on February 26, 1987, respondent moved to strike or quash the petition, arguing that it was unreasonably vague. Respondent's motion stated that, in response to his demand for a copy of petition, he received a petition dated January 23, 1987. In a March 19, 1987, motion hearing, the probate court found that the petition was sufficiently specific except for the last sentence. The court ordered the prosecutor to provide respondent's attorney with information regarding that sentence. The probate court read the petition to the jury at the beginning and end of the adjudicative hearing and stated that the petition had been filed. Because the record is unclear with regard to the petition, and there are other reasons for reversal, we decline to reverse on the jurisdictional issue.

Respondent claims that the referee and judge committed errors requiring reversal by exceeding their authority. We agree.

"The jurisdiction, powers and duties of the probate court and the judges thereof shall be provided by law." Const 1963, art 6, § 15. The probate court has no inherent powers. Its right to take jurisdiction of children and to govern their lives is based entirely on constitution and statute. *Fritts v Krugh,* 354 Mich 97, 112; 92 NW2d 604 (1958). A probate court's power may not exceed that which is conferred by statute. *In re Kasuba Estate,* 65 Mich App 25, 28; 236 NW2d 751 (1975), aff'd 401 Mich 560; 258 NW2d 731 (1977).

Here, on a form entitled "Order of Disposition—Following Preliminary Hearing" filed on January 23, 1987, the referee ordered that the child be

placed in the care of her mother, Lucille Macomber, pending a hearing before a probate judge. The referee further ordered that respondent not reside in the family home. Respondent moved to set aside this order claiming, among other things, that the referee did not have the power to issue it. In a March 19, 1987, motion hearing, the probate judge found that the order was reasonable and reentered it as an order of the probate court.

At the April 23, 1987, adjudicative hearing, after a jury found that the court had jurisdiction over the child, the judge ordered, among other things, that respondent not reside in the family home and that he pay Lucille Macomber $180 per week for the support of his family.

At the June 30, 1987, dispositional hearing, respondent argued that the referee and judge did not have the power to issue the above-described orders. The judge disagreed and essentially continued his prior order. The judge continued the order again after a December 22, 1987, review hearing.

Petitioner argues that the referee's and judge's orders were authorized by MCL 712A.6; MSA 27.3178(598.6), which provides:

> The juvenile division of the probate court shall have jurisdiction over adults as hereinafter provided and may make such orders affecting adults as in the opinion of the court are necessary for the physical, mental, or moral well-being of a particular child or children under its jurisdiction: Provided, That such orders shall be incidental to the jurisdiction of the court over such child or children.

This statute could be interpreted to grant the probate court broad powers, such as the power to order adults to attend parenting classes and counseling sessions. See *In re Draper,* 150 Mich App

789, 801; 389 NW2d 179 (1986), vacated in part 428 Mich 851 (1987). However, when MCL 712A.6; MSA 27.3178(598.6) is read in light of the other sections of the juvenile chapter of the probate code, particularly MCL 712A.18; MSA 27.3178(598.18), it becomes clear that the referee and probate judge exceeded their authority by ordering respondent not to reside in the family home and to pay Lucille Macomber $180 per week to support his family. We reject petitioner's argument that the probate court needs the power to do whatever it considers to be necessary for the well-being of children under its jurisdiction. The probate court's power is limited by statute. The referee's and judge's actions cannot be upheld based on their apparent good intentions in responding to allegations of misconduct. We note that defendant was charged with second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3), based on the same allegations that gave rise to this case. Respondent was acquitted. We note further, but decline to elaborate upon, the due process concerns raised by the referee's and lower court's orders. See *In re Dittrick Infant,* 80 Mich App 219, 224, n 2; 263 NW2d 37 (1977).

Respondent raises an issue regarding the referee's and judge's failure to use State Court Administrative Office forms. There were, of course, no scao forms providing for the unauthorized actions of the referee and judge. We need not decide whether the failure to use scao forms is, by itself, an error requiring reversal. However, we direct the probate court to use those forms in compliance with MCL 600.855; MSA 27A.855, which provides:

For the purposes of achieving uniformity of forms throughout this state in the probate court, effective July 1, 1979, only forms approved by the

supreme court or the the [sic] state court administrator shall be used.

Respondent argues that the probate court erred in denying his motion to compel discovery. He wanted to depose the child and respondent's son. The probate court found that it had discretion to grant the motion, but that the proposed depositions were unwarranted.

MCR 5.901(A) provided:

> The procedure in the juvenile division of the probate court is governed by this subchapter, unless the rules otherwise provide.

MCR 5.907(B)(5) provided:

> If at any phase of a proceeding the court believes that the evidence has not been fully developed, it may inquire by direct or cross-examination; further question a previous witness; or, if cause is shown for granting an adjournment, subpoena additional witnesses, or order the discovery of any other evidence.

The probate court had discretion to grant or deny respondent's discovery request. We find no abuse of discretion.

We find that none of the other issues raised by respondent merit further discussion.

Reversed.