# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
November 18, 2014

No. 320987
Van Buren Circuit Court
Family Division
LC No. 07-015790-NA

*In re* G. E. OSBORN, Minor.

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Respondent father appeals by right the trial court's order terminating his parental rights to the minor child under MCL 712A.19b(3)(g) and (j). On appeal, respondent raises several claims of error that he maintains warrant relief. Because we conclude there were no errors warranting relief, we affirm.

## I. THE ONE-PARENT DOCTRINE

### A. STANDARDS OF REVIEW

Respondent first argues that the trial court erred when it took jurisdiction over the children and then terminated his parental rights without making a specific adjudication of parental unfitness with regard to him. Specifically, respondent relies on our Supreme Court's recent decision overruling the one-parent doctrine. See *In re Sanders*, 495 Mich 394; 852 NW2d 524 (2014). This Court reviews de novo whether the trial court complied with due process in the conduct of a child protective proceeding and reviews de novo the proper interpretation and application of the relevant statutes and court rules. *Id.* at 403-404. However, because respondent did not raise a challenge to the trial court's authority to adjudicate his parental rights before the trial court, our review is limited to plain error. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).

### B. *SANDERS*

"Child protective proceedings consist of two distinct phases: the trial, also known as the adjudicative phase, and the dispositional phase." *Utrera*, 281 Mich App at 15. "During the adjudicative phase, which occurs first, the trial court determines whether it may exercise jurisdiction over the minor child pursuant to MCL 712A.2(b)." *Utrera*, 281 Mich App at 15-16. A child comes under a trial court's jurisdiction and becomes a ward of the court when the trial court finds by a preponderance of the evidence that there is factual support to exercise

-1-

jurisdiction under MCL 712A.2(b). *In re AP*, 283 Mich App 574, 593; 770 NW2d 403 (2009). A trial court may take jurisdiction over a minor found within the county whose parent, "when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, [or] who is subject to a substantial risk of harm to his or her mental well-being . . . ." MCL 712A.2(b)(1).

In *Sanders*, the Michigan Supreme Court explained that "[b]ecause the jurisdictional inquiry is focused on the child, once there has been *an* adjudication, either by trial or by plea, the court has jurisdiction over the child regardless of whether one or both parents have been adjudicated unfit." *Sanders*, 495 Mich at 407. The Supreme Court went on to explain the one-parent doctrine, which provided that where jurisdiction was established by adjudication under MCL 712A.2(b) with regard to one parent, the trial court was still permitted to "enter dispositional orders affecting the parental rights of *both* parents." *Id*. The Supreme Court explained that the one-parent doctrine originated with *In re CR*, 250 Mich App 185, 202-203; 646 NW2d 506 (2002), where this Court held:

> [O]nce the family court acquires jurisdiction over the children, [MCR 3.973(A)] authorizes the family court to hold a dispositional hearing "to determine [what] measures [the court will take] . . . *against any adult* . . . ." [MCR 3.973(F)(2)] then allows the family court to "order compliance with all or part of the case service plan and [ . . . ] *enter such orders as it considers necessary in the interest of the child.*" Consequently, after the family court found that *the children* involved in this case came within its jurisdiction on the basis of [the adjudicated parent's] no-contest plea and supporting testimony at the adjudication, the family court was able to order [the unadjudicated parent] to submit to drug testing and to comply with other conditions necessary to ensure that the children would be safe with him even though he was not a respondent in the proceedings. This process eliminated the [petitioner's] obligation to allege and demonstrate by a preponderance of legally admissible evidence that [the unadjudicated parent] was abusive or neglectful within the meaning of MCL 712A.2(b) before the family court could enter a dispositional order that would control or affect his conduct. [*Sanders*, 495 Mich at 408, quoting *CR*, 250 Mich App at 202-203 (citation omitted, alterations in original).]

The Supreme Court recognized that the one-parent doctrine "eliminate[d] the petitioner's obligation to prove that the unadjudicated parent is unfit before that parent is subject to the dispositional authority of the court." *Sanders*, 495 Mich at 408.

The Supreme Court reiterated that parents have due process rights under the Fourteenth Amendment of the United States with regard to the care, custody, and control of their children, *id*. at 409, and that "due process demands that minimal procedural protections be afforded an individual before the state can burden a fundamental right," *id*. at 410. The Court concluded that "due process requires a specific adjudication of a parent's unfitness before the state can infringe the constitutionally protected parent-child relationship." *Id*. at 422. It overruled *CR*, ruling that "[b]ecause the one-parent doctrine allows the court to deprive a parent of this fundamental right without any finding that he or she is unfit, it is an unconstitutional violation of the Due Process Clause of the Fourteenth Amendment." *Id*.

## C. ANALYSIS

This Court has held that the decision in *Sanders* has limited retroactive effect: it applies to cases pending on appeal when our Supreme Court issued the decision in *Sanders*, but only if the issue was properly preserved before the trial court. *In re S. Kanjia*, ___ Mich App ___, slip op at 5-6; ___ NW2d ___ (2014) (Docket No. 320055). Therefore, because respondent did not properly preserve this issue before the trial court, he is not entitled to relief. *Id.* In any event, even if he had properly preserved this issue, we would conclude that he is not entitled to any relief.

In December 2012, the Department petitioned the trial court to enter an order taking jurisdiction over the minor child and terminating respondent's parental rights along with the child's mother's rights. In support of its petition, the Department alleged that the trial court could take jurisdiction over the children on a variety of grounds related to the mother's acts and general neglect, but also alleged that respondent had operated a motor vehicle while intoxicated in August 2012. The trial court subsequently entered an order for a jury trial to determine jurisdiction and it held the trial in May 2013.

Respondent testified at the trial and admitted that he had been arrested in August 2012, for operating a motor vehicle while intoxicated and that it was his third offense. However, he stated that the child was not with him when he was arrested. He said the last time he had the minor child for an overnight visit was in September 2012. From October to December 2012, he testified, the minor child lived with Debra and Terry Bridges. Terry Bridges was the child's mother's cousin. Mother did not ask respondent to take care of the minor child during that time.

Debra and Terry Bridges testified that mother gave the minor child to them so that they could care for her. They asked mother to give them a power of attorney, but she refused. The child also had medical issues that were exacerbated by mother's failure to provide them with all of the child's medicine. Mother did not provide them with financial support for the minor child.

Debra Bridges said that she and Terry volunteered to care for the minor child so that the child could remain in the same school that she attended in the past. They expected that the minor child was going to be with them temporarily. Instead, the minor child lived with them for the seven months leading up to the trial and they were still caring for the child at the time of the trial. She further testified that in October 2012, she, Terry, and the minor child saw respondent on one occasion. He brought the minor child Play-Doh and a pair of snow boots. Debra Bridges testified that respondent occasionally called to speak with the minor child. But, he did not provide them with money to care for the minor child.

After receiving this testimony, the trial court reconvened the adjudication trial late in the day and noted that the jury was no longer present. It stated that "during the break, I've been informed that both parties are willing to consent to jurisdiction and allow the Court to make a determination if the grounds for jurisdiction exist based on the testimony that I've heard." It clarified that the parties were not admitting to the allegations in the petition. The trial court then asked respondent father if understood the ramifications of his consent:

*Trial Court:* . . . you understand that if the Court takes jurisdiction the Court has full authority to make orders that concern your life regarding your child? You understand that?

*Father:* Yes. sir.

*Trial Court:* And you may not like some of those orders and you're going to be required to do those things and, if you do those things and make progress, many good things can happen. If you don't do those things, many bad things can happen, including the termination of your rights.

Do you understand that?

*Father:* Yes, sir.

*Trial Court:* Now, you understand that the prosecuting attorney could move for termination right away, but he has agreed as part of this agreement that he won't do that.

Do you understand that?

*Father:* Yes, sir.

*Trial Court:* It's not an agreement that your rights would never be terminated; it's just that he is not going to move for that at this point in time which he could.

Do you understand that?

*Father:* Yes, sir.

*Trial Court:* And this is what you wish to do?

*Father:* Yes, sir.

*Trial Court:* Anybody threaten you or put pressure on you to do this?

*Father:* No, sir.

*Trial Court:* We can go right through the trial. It would be just as easy for the Court to let the jury make a decision.

But this is what you wish to do because you think it's in the best interests of your child?

*Father:* Yes, your Honor.

Respondent now argues for the first time that his "consent" did not constitute a proper waiver. A parent is entitled to an adjudication trial under MCR 3.972. See *Sanders*, 495 Mich at 405. The adjudication phase of a child protective proceeding is the only phase where a parent has a right to a jury trial. *In re Brock*, 442 Mich 101, 108; 499 NW2d 752 (1993). However, a parent's right to a jury trial may be waived. See *In re AMAC*, 269 Mich App 533, 536 n 2; 711 NW2d 426 (2006). A waiver is a voluntary relinquishment of a known right. *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 204; 747 NW2d 811 (2008).

Here, respondent "consented" to the trial court's authority to make the findings even though he did not enter a plea. But the record is very clear that the "consent" allowed "the Court to make a determination if the grounds for jurisdiction exist based on the testimony that I've heard." Respondent basically acknowledges that he waived the jury trial, but he nevertheless argues in his supplemental brief that any voluntarily relinquishment of a jury trial in this case was not knowingly made because *Sanders* was decided after the adjudication in this case, and thus, he did not know that the one-parent doctrine was unconstitutional. He argues that his trial was "to a degree meaningless" because he was still subject to interference with his rights based on mother's plea under the one-parent doctrine. However, there is no record evidence that his waiver was premised on a misunderstanding of law. Respondent bears the burden of furnishing this Court with a record to verify the factual basis of his argument. *Petraszewsky v Keeth (On Remand)*, 201 Mich App 535, 540; 506 NW2d 890 (1993).

Respondent also argues in his supplemental brief that his "consent" was insufficient to confer jurisdiction on the court. As this Court has stated, the parties cannot consent to jurisdiction; rather, the court must independently determine whether it has jurisdiction. *In re Youmans*, 156 Mich App 679, 684-685; 401 NW2d 905 (1986). Hence, although the trial court indicated that respondent consented to its determination of jurisdiction, his statements could not establish the trial court's jurisdiction. *Id*. Nevertheless, the trial court complied with *Sanders* by providing respondent with a specific adjudication of unfitness. *Sanders*, 495 Mich at 405.

In this case, there was only one allegation of neglect specifically against respondent: that he operated a motor vehicle while intoxicated, which was his third such offense. Respondent confirmed that allegation at trial. And, as already discussed, the trial court did not specifically refer to respondent's third operating a motor vehicle while intoxicated offense within its findings, but it did find that the child was neglected and did not attribute the neglect to only one parent. In fact, the trial court found that "[y]ou both knew that there were things you probably should have done."

The trial court's finding that respondent knew that there were things he should have done was supported by respondent's own testimony that he could have taken the minor child during October to December 2012, but he did not know what the child's circumstances were during that time. Additionally, he did not provide Debra and Terry Bridges with power of attorney to care for the minor child and did not provide them with financial support for the child. Further, on December 2012, respondent told an investigator that he was willing to file for full custody of the minor child, but that he was unsure of what punishment he would receive for operating a motor vehicle while intoxicated. He was subsequently incarcerated and therefore unable to obtain custody. The trial court indicated in its order that it found by a preponderance of the evidence that the allegations listed in the petition were true and took jurisdiction over the minor child.

-5-

The record shows that the trial court found by a preponderance of the evidence that the minor child had been neglected in this case. Additionally, it is clear that the trial court knew that respondent was incarcerated and that his incarceration was a result of his third operating a motor vehicle while intoxicated offense. Under MCL 712A.2(b)(1), a trial court may take jurisdiction of a child if a parent neglects to provide "proper or necessary support, education, medical, surgical, or other care necessary" for the child's health or morals. On the basis of the evidence, the trial court could properly find that respondent's criminality caused him to neglect the minor child. Again, "[w]hen the petition contains allegations of abuse or neglect against a parent, MCL 712A.2(b)(1), and those allegations are proved by a plea or at the trial, the adjudicated parent is unfit." *Sanders*, 495 Mich at 405.

On this record, respondent has not shown that the trial court did not comply with the requirements stated in *Sanders*.

## II. TERMINATION

### A. STANDARDS OF REVIEW

Respondent next argues that the trial court clearly erred when it found that the Department established a statutory ground for termination by clear and convincing evidence and clearly erred when it found that termination was in the child's best interests. We review the trial court's factual findings that a ground for termination has been established and that termination is in the child's best interests for clear error. MCR 3.977(K); *In re Trejo Minors*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

### B. ANALYSIS

In order to terminate respondent's parental rights, the trial court had to find that at least one statutory ground for termination under MCL 712A.19b(3) had been established by clear and convincing evidence. *Trejo Minors*, 462 Mich at 355. Here, the trial court found two statutory grounds for terminating respondent's parental rights. Specifically, it found that the Department established grounds under MCL 712A.19b(3)(g) and (j).

Under MCL 712A.19b(3)(g), the trial court may terminate a parent's parental rights if the parent "without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." The trial court found that, at the time of the termination hearing, respondent was back in prison because of his fifth parole violation between June 2013 and December 2013. This finding was supported by testimony at the hearing.

The trial court also found that respondent failed for over six years to provide the minor child with consistent and continuous care and custody. The lower court file contains filings concerning the minor child that amply support this finding. Respondent's psychological evaluation indicated that he had a history of drug and alcohol abuse, including cocaine use "a couple of years ago." And he acknowledged that he had a problem with alcohol for approximately 10 years. At the time of the December 2013 hearing, he was working two jobs

and had a place to live lined up. But, by the time of the January 2014 termination hearing, he was again incarcerated. The earliest he might be released was April 2014. Testimony established that respondent failed to provide proper care or custody for the minor child because he was unable to find stability and permanence in his own life during the preceding 13 months.

The trial court's finding that respondent failed to provide the minor child with consistent and continuous care and custody was not clearly erroneous. MCR 3.977(K).

The trial court also found that respondent failed to benefit from the services offered to him. His barriers to reunification were sobriety, housing, transportation, and a stable income. On appeal, respondent argues that he had taken positive steps. He attended AA meetings for approximately six years and completed services related to his substance abuse. Respondent testified at the termination hearing that he had been sober for four months and that he was attending church and AA meetings. He also paid his child support obligations and participated in other services. However, respondent's repeated incarcerations caused him to stop and restart services. And, he admitted that he "relapsed" and used alcohol, which resulted in his return to prison. Accordingly, the trial court's finding that father failed to benefit from the services offered to him was not clearly erroneous. MCR 3.977(K). The failure to benefit from a service plan is evidence that the parent will not be able to provide proper care and custody for the child. *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014).

The trial court also found that there was no reasonable expectation that respondent would be able to provide the minor child with care in a reasonable time based on his past failures. This finding was consistent with testimony that there was no reasonable expectation that respondent would be able to provide proper care or custody for the minor child within a reasonable time because he could not even provide himself with stability and permanence during the 13 months before the termination hearing. Also, a trial court may rely on a respondent's history of failing to provide care and custody in finding that there is no reasonable expectation that the respondent would be able to provide proper care and custody within a reasonable time. *In re Archer*, 277 Mich App 71, 75-76; 744 NW2d 1 (2007).

The trial court did not clearly err when it found a statutory ground for termination under MCL 712A.19b(3)(g) based on respondent's failure to provide proper care or custody for the minor child and the trial court's finding that there was no reasonable expectation that he would be able to provide proper care and custody within a reasonable time. *Trejo Minors*, 462 Mich at 356-357.

The trial court may also terminate a parent's parental rights where there "is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." MCL 712A.19b(3)(j). The trial court found that respondent's lifestyle would emotionally and mentally harm the minor child. On appeal, respondent argues that none of the criminality he demonstrated during this case harmed the minor child. However, the record demonstrates that respondent's inability to conform to the law had interfered with his ability to parent and prevented his progress under the case service plan.

Respondent notes that a caseworker testified that she did not believe that respondent would physically harm the minor child and opined that giving respondent an additional opportunity to complete services would not harm the child. From this, he argues that there was no evidence that there was a reasonable likelihood that the minor child would be harmed. However, the trial court's finding that the minor child would be emotionally and mentally harmed was supported by the testimony that if the minor child was returned to respondent, she would be exposed to illegal substances and unstable housing, employment, and transportation. And, while the caseworker did not believe that respondent would physically harm the minor child, she testified that the minor child faced a risk of physical harm if she was returned to him because of his substance abuse problem. Additionally, the caseworker's testimony at the December 2013 hearing that the minor child would not be harmed by delaying termination for an additional three months was no longer applicable by the time of the termination hearing because respondent was again incarcerated.

The trial court did not clearly err when it found a statutory ground for termination under MCL 712A.19b(3)(j) because there was a reasonable likelihood, on the basis of respondent's conduct, that the minor child would be harmed if she was returned to his home. *Trejo Minors*, 462 Mich at 356-357.

After a trial court has found a statutory ground for termination by clear and convincing evidence, the trial court shall order termination of parental rights if it finds by a preponderance of the evidence "that termination of parental rights is in the child's best interests[.]" MCL 712A.19b(5); *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). In this case, the trial court found that termination was in the minor child's best interests because the minor child needed permanence and stability and respondent could not provide the minor child with a stable, safe, and nurturing environment because of his five parole violations. Respondent argues that the trial court's finding was erroneous because there was no indication that the minor child would be physically harmed if returned to his care.

The evidence that supported the trial court's finding with regard to the grounds for termination also supported the trial court's finding that termination was in the child's best interests. The record shows that respondent is unable or unwilling to make the necessary changes in his life to provide stability to his child. He continues to struggle with substance abuse and criminality, which interferes with his ability to provide for himself let alone the minor child. The same evidence strongly suggests that the child would be at risk if respondent should relapse while caring for the child. The trial court did not clearly err in finding that the minor child needed permanence and stability and that respondent could not provide the minor child with a stable, safe, and nurturing environment. MCR 3.977(K).

The trial court also found that termination was in the minor child's best interests because the child's foster care placement with mother's relatives was advantageous for the child; the child was thriving in the home. The caseworker testified that the minor child's placement with mother's relatives gave the minor child the advantages of consistency, stability, permanency, and safety, that the child was thriving in her placement, and that she was bonded with her caregivers. Therefore, the trial court's finding that termination was in the minor child's best interests because the child's foster care placement with mother's relatives was advantageous for the child was not clearly erroneous. MCR 3.977(K). That finding was also appropriate because the trial

court was permitted to consider the minor child's well-being while in foster care when it determined the child's best interests. *In re BZ*, 264 Mich App 286, 301; 690 NW2d 505 (2004).

On this record, we cannot conclude that the trial court clearly erred when it found that termination was in the child's best interests.[1]

## III. INADEQUATE TELECOMMUNICATIONS

Finally, respondent argues that he was denied due process by the insufficiency of the telecommunications equipment used to permit him to participate in the termination hearing. Because he did not raise this issue before the trial court, our review is for plain error. *Utrera*, 281 Mich App at 8. Respondent did not present this issue as a part of his statement of the questions presented for appeal. Therefore, we decline to address it. *Hunt v Drielick*, 298 Mich App 548, 555; 828 NW2d 441 (2012), rev'd on other grounds 496 Mich 366 (2014). Nevertheless, even considering the merits, this claim does not warrant relief.

Respondent's complaints concern a single witness whose testimony was so quiet that it was apparently difficult to hear the witness at the hearing. However, after being made aware of the problem, the trial court took steps to get the witness to speak louder and moved the equipment closer. Thereafter, the record shows that respondent interrupted the witness' cross-examination to communicate with the trial court and his lawyer about the witness' testimony and successfully responded to questions posed by his lawyer and the Department's lawyer. There was no plain error. *Utrera*, 281 Mich App at 8.

There were no errors warranting relief.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

---

[1] We note that respondent asked the trial court to place the minor child in a guardianship, but found that a guardianship was not in the child's best interests. The trial court had discretion to decide whether a guardianship was in the minor child's best interests. See *In re COH*, 495 Mich 184, 202; 848 NW2d 107 (2014). Respondent has not challenged that ruling on appeal.