# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* S. J. TEMPLES, Minor.

UNPUBLISHED
March 12, 2015

No. 323246
Branch Circuit Court
Family Division
LC No. 08-003890-NA

Before: M. J. KELLY, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

Respondent-father appeals as of right the order terminating his parental rights to the minor child, SJT, under MCL 712A.19b(3)(c)(*ii*) (other conditions exist that could have caused the child to come within the court's jurisdiction and they have not been rectified) and (g) (failure to provide proper care and custody). Because the trial court terminated respondent's parental rights without first specifically adjudicating respondent as unfit, we vacate the trial court's order terminating respondent's parental rights and remand for proceedings consistent with this opinion.

In April of 2012, the Department of Human Services (DHS) filed a petition against respondent and SJT's mother.[1] SJT's mother pleaded to the allegations of abuse and neglect in the petition on May 22, 2012, at which time the trial court assumed jurisdiction over SJT and SJT was placed in respondent's care. In contrast to SJT's mother, respondent was present at the hearing on May 22, 2012 and advised of his right to be represented by an attorney, but he did not admit or deny any allegations in the petition, nor did he plead no contest. See MCR 3.971. Instead, in assuming jurisdiction, the trial court employed the one-parent doctrine, specifically informing respondent that it would assume jurisdiction based on the mother's admissions to allegations in the petition. At that time, respondent indicated that he understood his rights and that he did not object to SJT's mother making admissions. After the trial court assumed jurisdiction, both respondent and SJT's mother were ordered to comply with services aimed at reunification.

After more than two years of services, on June 10, 2014, DHS petitioned for termination of respondent's parental rights. On July 24, 2014, respondent moved for dismissal of the

---

[1] SJT's mother's parental rights have also been terminated. She is not, however, a party to this appeal.

-1-

termination petition and, relying on *In re Sanders*, 495 Mich 394; 852 NW2d 524 (2014), he requested an individual adjudication. The trial court denied respondent's request for adjudication and proceeded with a termination hearing, following which the trial court terminated respondent's parental rights on July 29, 2014. Respondent now appeals as of right.

On appeal, respondent argues that, because he was not individually adjudicated, the trial court did not have the authority to make decisions regarding his parental rights and the termination order must therefore be vacated. We agree.

"In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase." *Id.* at 404. "The adjudicative phase determines whether the probate court may exercise jurisdiction over the child." *In re Brock*, 442 Mich 101, 108; 499 NW2d 752 (1993). Specifically, once a petition has been authorized, a respondent-parent can (1) admit the allegations in the petition, (2) plead no contest to the allegations, or (3) demand an adjudication trial to contest the merits of the petition. *In re Sanders*, 495 Mich at 405, citing MCR 3.971 and MCR 3.972. When allegations of abuse or neglect against a parent are proved by plea or through a trial, the parent is adjudicated unfit and the court assumes jurisdiction over the child. *In re Sanders*, 495 Mich at 406-407. The parties then enter into the dispositional phase, during which the trial court may enter orders appropriate for the welfare of the child, often involving the adoption of a case service plan. *Id.* The dispositional phase ends either with reunification of the family or a petition for termination of parental rights. *Id.* at 407.

For many years, including at the time the trial court assumed jurisdiction over SJT in the present case, "the one-parent doctrine" permitted courts to obtain jurisdiction over a child on the basis of the adjudication of only one parent and to then proceed to the dispositional phase with respect to both parents. See *id.* 407-408. However, on June 2, 2014, the Michigan Supreme Court issued *In re Sanders*, which abolished the one-parent doctrine. *Id.* at 422-423. The Court held the one-parent doctrine to be unconstitutional because due process requires that each parent must be specifically adjudicated as unfit before the court can enter any dispositional orders interfering with his or her parental rights. *Id.* at 415, 422.

Applying *In re Sanders* to the present facts shows that respondent's parental rights were interfered with and that he was denied due process because he had not been specifically adjudicated as unfit at the time his rights were terminated. That is, at the time the trial court assumed jurisdiction and ordered respondent's compliance with services, respondent had made no admissions regarding the allegations in the petition, he had not plead no contest to those allegations, and no trial had been held regarding the allegations involving respondent. See MCR 3.971 and MCR 3.972. On these facts, respondent had not been specifically adjudicated as unfit, and therefore the trial court could not interfere with his parental rights. See *In re Sanders*, 495 Mich at 405, 415, 422-423.

On appeal, petitioner attempts to distinguish *In re Sanders* from the present facts because the respondent-father in *Sanders* demanded an individual adjudication, see *id.* at 402, while in contrast, respondent here did not initially demand an individual adjudication and to the contrary indicated that he had no objection to SJT's mother entering a plea to the allegations which would bring SJT within the trial court's jurisdiction. Further, because respondent did not appeal the

trial court's exercise of jurisdiction, petitioner maintains that respondent may not now raise the issue on appeal.

Insofar as petitioner's argument suggests that respondent is not entitled to relief because he somehow consented to the trial court's jurisdiction, such an assertion is plainly without merit because subject matter jurisdiction cannot be conferred by the consent of the parties. See *In re Youmans*, 156 Mich App 679, 684-685; 401 NW2d 905 (1986). Moreover, although respondent did not appeal the trial court's exercise of jurisdiction at that time, this does not prevent him from now demanding an individual adjudication on direct appeal from the trial court's termination of his parental rights because his assertion of a right to an individual adjudication is not a collateral attack on the court's exercise of jurisdiction but a direct challenge to the trial court's failure to afford respondent due process. See *In re S Kanjia*, __ Mich App __, __; __ NW2d __ (2014), slip op at 4-6. Indeed, to the extent petitioner's argument more generally implicates preservation concerns, we note that respondent did in fact raise this issue in the trial court shortly after the decision in *In re Sanders* was issued and that, in any event, this Court has determined that a demand for individual adjudication under *In re Sanders* may be raised for the first time on direct appeal. See *In re S Kanjia*, slip op at 4-6. In short, we see no reason why respondent may not rely on *In re Sanders*. Thus, in sum, neither the admissions made by SJT's mother nor respondent's failure to object to those admissions constituted an adjudication of respondent's fitness, and consequently, the trial court violated respondent's due process rights by subjecting him to dispositional orders without first adjudicating him as unfit. See *In re Sanders*, 495 Mich at 405, 422-423.

We therefore vacate the order terminating respondent's parental rights and remand for an adjudication relating to respondent's fitness as a parent. Because the matter of adjudication must be considered by the trial court before it moves to the dispositional phase regarding respondent, we need not address respondent's additional arguments concerning statutory grounds or whether termination of respondent's parental rights was in the best interests of the minor child.

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Joel P. Hoekstra

-3-